JACKSON LEWIS P.C.
    666 Third Avenue, 29th Floor
    New York, New York 10017
    (212) 545-4000
Attorneys of Record:
    Dana G. Weisbrod
    Mina M. Wood
    Jennifer Y. Davis
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL STICKLER,<br><br>                       Plaintiff,<br><br>-against-<br><br><br>IBM, INC.,[1]<br><br>                       Defendant. | 22-cv-02449 (PAC) (SLC)<br><br><br>**DEFENDANT'S ANSWER TO**<br>**PLAINTIFF'S COMPLAINT** |

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, Jackson Lewis, P.C., for its Answer to the Complaint of Plaintiff Michael Stickler, responds and pleads defenses and affirmative defenses as follows:

### AS TO "JURISDICTION AND VENUE"

1. Paragraph "1" of the Complaint states a legal conclusion for which no response is required.

2. Paragraph "2" of the Complaint states a legal conclusion for which no response is required.

---

[1] The Complaint incorrectly refers to Defendant as "IBM, Inc." instead of IBM Corporation.

**AS TO "THE PARTIES"**

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except avers that IBM is a New York corporation headquartered in Armonk, New York, and has operations in multiple countries.

4. Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except avers that Plaintiff was employed at IBM from in or around August of 2013 until December of 2021, and worked for IBM as a software engineer and then data scientist.

5. Defendant admits the allegations set forth in Paragraph "5" of the Complaint.

6. Defendant admits the allegations set forth in Paragraph "6" of the Complaint.

7. Defendant denies the allegations set forth in Paragraph "7" of the Complaint, except avers that, in or around fall of 2018, Plaintiff's title changed from Software Engineer to Data Scientist and he received a salary increase.

8. Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except avers that some of Plaintiff's responsibilities as a data scientist included working with researchers and analysts to develop and improve IBM's various artificial intelligence properties and technologies.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except avers that in or around October 2018, Plaintiff was promoted.

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint, except avers that in 2020 and 2021, Plaintiff and his team analyzed a technology that IBM created in an attempt to improve the accuracy of IBM's Watson Assistant chatbot responses.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except avers that Plaintiff and others were recognized with a 2020 Outstanding Accomplishment, and in connection with this recognition, received a monetary award that was paid in 2021.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint, except avers that Plaintiff was working remotely in April of 2021.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint, and refers the Court to IBM's time off and leave programs and policies for the full contents and meaning thereof.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint, except avers that in April of 2021, Plaintiff and Evelyn Duesterwald ("Ms. Duesterwald") discussed Plaintiff's request for a reduced work schedule.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint concerning Plaintiff's fiancée. Defendant denies the remaining allegations set forth in Paragraph "23" of the Complaint, except avers that Plaintiff began working reduced hours starting in April of 2021.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant admits the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint, and refers the Court to IBM's time off and leave programs and policies for the full contents and meaning thereof.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's fiancée and her son, and denies the remaining allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint, except avers that Ms. Duesterwald placed Plaintiff on a Performance Improvement Plan ("PIP"), and refers the Court to the PIP for the full content and meaning thereof.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

**AS TO "FIRST CLAIM FOR RELIEF**
**New York State Human Rights Law ('NYSHRL') – N.Y. Exec. Law §§ 290 _et seq_. Gender Discrimination"**

37. Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "36" of the Complaint as though set forth fully herein.

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

**AS TO "SECOND CLAIM FOR RELIEF**
**NYSHRL – N.Y. Exec. Law §§ 290 *et seq*. Retaliation"**

42. Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "41" of the Complaint as though set forth fully herein.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

**AS TO "PRAYER FOR RELIEF"**

With respect to the allegations, claims and other contentions set forth in the "WHEREFORE" Paragraph of the Complaint and each subpart thereof, Defendant denies each

6

and every allegation, claim and other contention, and denies that Plaintiff is entitled to any relief whatsoever.

## AS TO "DEMAND FOR JURY TRIAL"

Defendant denies that there are any triable issues of fact in this action.

\* \* \*

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

2. Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate any of the damages alleged in the Complaint.

3. Any and all actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

4. At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, the after-acquired evidence doctrine, and/or other equitable defenses.

6. Plaintiff's claims are barred and/or any recovery of damages are precluded, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to follow applicable administrative procedures and/or timely exhaust his administrative remedies.

9. Defendant is not liable for punitive damages because Defendant did not engage in conduct with the required level of culpability to justify an award of punitive damages.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer damages attributable to any allegedly wrongful conduct by Defendant and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

11. Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

12. Defendant reserves the right to amend its Answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Deny each and every demand, claim and prayer for relief set forth in Plaintiff's Complaint;

3. Award Defendant reimbursement for its costs and attorneys' fees; and

4. Grant such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                JACKSON LEWIS P.C.
                666 Third Avenue, 29th Floor
                New York, New York 10017
                (212) 545-4000

By:   */s/ Dana G. Weisbrod*
        Dana G. Weisbrod
        Mina M. Wood
        Jennifer Y. Davis

        ATTORNEYS FOR DEFENDANT

Dated: May 17, 2022
       New York, New York

9