**JacksonLewis**

Jackson Lewis P.C.
666 Third Avenue
New York, NY 10017
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

**VIA ECF AND UPS**

September 6, 2023

Honorable Paul A. Crotty
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

**Re:    Michael Stickler v. IBM; SDNY Case No.: 22-CV-02449 (PAC) (SLC)**

Dear Judge Crotty:

On behalf of Defendant IBM Corporation ("IBM"), we write to inform the Court of the bases for Defendant's anticipated motion for summary judgment.

**A.    BACKGROUND**

Plaintiff Michael Stickler is a Chicago resident whose employment at IBM was terminated for his repeated lack of engagement, unresponsiveness to communications and failure to do his job. He asserts untenable claims of gender discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"). Specifically, Plaintiff alleges he was not offered the same leave opportunities to care for his fiancée and his fiancée's school-aged son as female employees, and that he was ultimately terminated in retaliation for allegedly complaining about disparate leave benefits on the basis of his gender. As discussed more fully below, Plaintiff's claims fail as a matter of law for several independent reasons. **First**, Plaintiff cannot bring suit under the NYSHRL because he resided and worked exclusively in Chicago at all relevant times and was not impacted by the alleged wrongful conduct in New York. **Second**, there is no evidence that the female employees Plaintiff identifies received greater leave benefits than Plaintiff for similar circumstances, or that Plaintiff was otherwise denied benefits based on his gender. **Third**, there

JacksonLewis

is no evidence of a causal connection between Plaintiff's internal complaint about his leave options and the termination of his employment.

**B.    PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW**

    **1.    Plaintiff Is Not Protected Under the NYSHRL**

In order invoke the protections of the NYSHRL, "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York." Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 291 (2010). Plaintiff cannot make this showing. All of the alleged discriminatory and retaliatory conduct occurred in 2021, when Plaintiff's place of employment and residence was in Chicago. Further, since his separation from IBM, Plaintiff has continued to reside and work exclusively in Chicago due to his fiancée's ongoing medical treatment and medical school rotations there. Given Plaintiff has not been impacted in New York by the alleged wrongful conduct, his claims under the NYSHRL – the only statute under which he sues – are untenable.

    **2.    There Is No Evidence Plaintiff Was Given Disparate Leave Based on His Gender**

Plaintiff's only purported support for his gender discrimination claim is his belief that Ms. Duesterwald did not offer him the same leave opportunities as two female colleagues. However, there is no evidence that Ms. Duesterwald granted those female employees greater time off benefits than Plaintiff for similar circumstances. Both women took paid Parental Bonding Leave, a benefit offered to male and female IBM employees, after the birth of their children. Plaintiff was not eligible for Parental Bonding Leave, irrespective of his gender, because he did not have to care for a newborn or newly adopted child. Instead, Plaintiff requested time off initially to care for his fiancée's school-aged child who was visiting from India, and then to care for his ill fiancée. Beyond Parental Bonding Leave, the two alleged female comparators took leave or time off that Ms. Duesterwald also approved or offered to Plaintiff; specifically, paid vacation (which Plaintiff

**JacksonLewis**

exhausted), Paid Care Leave (which Plaintiff exhausted), Emergency Paid Care Leave due to Covid-19 (which Ms. Duesterwald advised Plaintiff of and he never followed up to request this form of leave), and unpaid time off (which Ms. Duesterwald approved each time Plaintiff requested it). Plaintiff also admits Ms. Duesterwald never denied a request for leave by him. In contrast, and undermining any inference of gender animus, Ms. Duesterwald did deny a request for leave by one of the female alleged comparators. On this evidence, Plaintiff cannot establish his gender discrimination claim as a matter of law.

### 3. There Is No Evidence Plaintiff's Employment Was Terminated in Retaliation for Complaining about His Leave Options

Even assuming Plaintiff's internal complaint about his leave options constituted a protected activity, he cannot demonstrate a causal connection between the complaint and the termination of his employment, as he must to establish a retaliation claim. To the contrary, the contemporaneous written record establishes that before Plaintiff's complaint, Ms. Duesterwald had already decided to place Plaintiff on a performance improvement plan ("PIP") and to terminate his employment if he failed to improve his performance. Indeed, Ms. Duesterwald began drafting Plaintiff's PIP prior to his internal complaint. Moreover, after Plaintiff complained about his leave options, Ms. Duesterwald determined that Plaintiff had satisfied the objectives of his PIP, wholly undermining any inference of retaliatory animus. Soon after passing his PIP, Plaintiff's performance deteriorated again, including but not limited to, by failing to coordinate and collaborate with his team on days when he was scheduled to work. As a result, Ms. Duesterwald was constrained to terminate Plaintiff's employment due to his sustained poor performance.

On this record, Plaintiff cannot establish any of his claims as a matter of law.

**JacksonLewis**

Honorable Paul A. Crotty
September 6, 2023
Page 4

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Dana G. Weisbrod*
Dana G. Weisbrod
Mina M. Wood
Jennifer Y. Davis

cc:   Counsel of Record (via ECF)